**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

MARCIA GLOBUS,

    Plaintiff,

vs.

PEI WEI ASIAN DINER, INC., a Foreign
Profit Corporation, d/b/a PEI WEI ASIAN
DINER and PEMBROKE LAKES SQUARE,
LLC, a Florida Limited Liability Company,

    Defendants.
_____/

**COMPLAINT**

Plaintiff MARCIA GLOBUS (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues PEI WEI ASIAN DINER, INC., d/b/a PEI WEI ASIAN DINER ("PEI WEI") and PEMBROKE LAKES SQUARE, LLC, (hereinafter, collectively referred to as "Defendants"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

**JURISDICTION**

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendants' violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

**VENUE**

1

2.     The venue of all events giving rise to this lawsuit is located in Broward County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3.     Plaintiff, MARCIA GLOBUS, is a resident of the State of Florida.  At the time of Plaintiff's visit to PEI WEI, Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a mobility-assisted device. The Plaintiff personally visited PEI WEI, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within PEI WEI, which is the subject of this lawsuit.

4.     Defendants, PEI WEI and PEMBROKE LAKES SQUARE, LLC, are authorized to conduct business and are in fact conducting business within the State of Florida. Upon information and belief, PEI WEI is the lessee and/or operator of the Real Property (hereinafter "Subject Facility") and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. The Subject Facility is located at 11049 PINES BOULEVARD, PEMBROKE PINES, FLORIDA. Upon information and belief, PEMBROKE LAKES SQUARE, LLC is the owner and lessor of the Real Property where the Subject Facility is located.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

5.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 4 of this complaint, as are further explained herein.

6.     On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26,

1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

7. As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

   ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

8. As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

   i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

9. Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. PEI WEI is a place of public accommodation by the fact it is an establishment that provides food, beverage and services to the general public, and therefore, must comply with the ADA.

10. The Defendants have discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at PEI WEI located at 11049 PINES BOULEVARD, PEMBROKE PINES, FLORIDA, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

11. Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

12. Plaintiff would like to return and enjoy the goods and/or services at the Subject Facility on a spontaneous but full and equal basis. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

14. The Defendants are in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and are discriminating against the Plaintiff with the following specific violations:

   a. Failure to provide the minimum adequate number of accessible handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, ADAAG 4.6.3.

   b. Failure to provide accessible handicap spaces that are located on the shortest route of travel from adjacent parking to the Subject Facility as required by 28 C.F.R. Part 36, ADAAG 4.6.2.

   c. Failure to provide a compliant ramp on the curb, as precluded by ADAAG 4.6.3.

   d. Failure to create hatching on the street. The sidewalk leading into the store lacks detectable warnings for individuals with visual impairments where they approach the vehicular traffic pursuant to ADAAG 3.5, 4.29.2 & 4.29.5.

   e. Failure to provide compliant pathway from handicap parking spaces to the Subject Facility's entrance as required by 28 C.F.R., Part 36, ADAAG 4.6.2.

   f. Failure to ensure that serving counters located at Subject Facility are no higher than 34" above the finished floor, as precluded by 28 C.F.R. Part 36, ADAAG 5.2.

   g. Failure to provide compliant cash registers at the Subject Facility. They are higher than 34 inches above the finished floor in violation of the requirements of 28 C.F.R., Part 36, ADAAG 4.3.2.

   h. Failure to provide an accessible height for the condiment bar counters located at the subject facility, in violation of the requirements of 28 C.F.R. Part 36, ADAAG 4.3.2.

   i. Failure to properly display merchandise for sale. The display racks are at an inaccessible height in violation of 28 C.F.R. Part 36.

   j. Failure to provide a compliant door handle. The door handle is not operable with a single, closed fist, therefore incompliant with ADAAG 4.13.9.

   k. Failure to provide a door with a compliant weight, pursuant to ADAAG 4.13.11. The

       maximum force for pushing or pulling open a door shall be as follows:
(1) Fire doors shall have the minimum opening force allowable by the appropriate administrative authority.
(2) Other doors.
   (a) exterior hinged doors: (Reserved).
   (b) interior hinged doors: 5 lbf (22.2N)
   (c) sliding or folding doors: 5 lbf (22.2N)

l. Failure to insulate pipes. There are exposed metal pipes and abrasive surfaces under the sink, which are in violation of 28 C.F.R. Part 36, Section 4.24.6.

m. Failure to provide adequate directional and accurate informational signage throughout Subject Facility as required by 28 C.F.R. Part 36, ADAAG 4.1.3(16).

n. Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, ADAAG 4.30.

15. Upon information and belief there are other current violations of the ADA at PEI WEI. Only upon full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendants have failed to comply with this mandate.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

19. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief:

20. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendants is in violation of the ADA;

21. That this Honorable Court enter an Order requiring Defendants to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

22. That this Honorable Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

23. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

24. That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this 7th day of December, 2011.

Respectfully submitted by:
s/Ronald E. Stern
        Ronald E. Stern, Esq.
        Florida Bar No. 10089
        THE ADVOCACY LAW FIRM, P.A.
        1250 East Hallandale Beach Boulevard, Suite 503
        Hallandale Beach, Florida 33009
        Telephone:  (954) 639-7016
        Facsimile: (954) 639-7198
        Attorney for Plaintiff MARCIA GLOBUS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

MARCIA GLOBUS,

    Plaintiff,

    vs.

PEI WEI ASIAN DINER, INC., a Foreign
Profit Corporation, d/b/a PEI WEI ASIAN
DINER and PEMBROKE LAKES SQUARE,
LLC, a Florida Limited Liability Company,

    Defendants.

_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 7th day of December, 2011, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Ronald E. Stern
       Ronald E. Stern, Esq.
       Florida Bar No.: 10089
       THE ADVOCACY LAW FIRM, P.A.
       1250 East Hallandale Beach Boulevard, Suite 503
       Hallandale Beach, Florida 33009
       Telephone: (954) 639-7016
       Facsimile: (954) 639-7198
       Attorney for Plaintiff MARCIA GLOBUS

## SERVICE LIST:

MARCIA GLOBUS vs. PEI WEI ASIAN DINER, INC., a Foreign Profit Corporation, d/b/a PEI WEI ASIAN DINER and PEMBROKE LAKES SQUARE, LLC, a Florida Limited Liability Company

## CASE NO:

United States District Court, Southern District Of Florida

PEI WEI ASIAN DINER,
INC., a Foreign Profit
Corporation, d/b/a PEI WEI
ASIAN DINER

**REGISTERED AGENT:**
NRAI SERVICES, INC.
515 EAST PARK AVENUE
TALLAHASSEE, FLORIDA  32301
**VIA PROCESS SERVER**

PEMBROKE LAKES SQUARE,
LLC, a Florida Limited Liability
Company

**REGISTERED AGENT:**
JOE CAROSELLA
101 PLAZA REAL SOUTH, SUITE 200
BOCA RATON, FLORIDA  33432
**VIA PROCESS SERVER**